FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2018 FEB 12 PM 12: 13

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

STEPHANIE LOUNSBURY,

    Plaintiff,

v.

CASE NO: 3:18CV237-J-39JBT
**Jury Trial Demanded**

AUGUSTA COLLECTION AGENCY, INC.

    Defendant.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

STEPHANIE LOUNSBURY ("Ms. Lounsbury" or "Plaintiff") files suit against AUGUSTA COLLECTION AGENCY, INC. ("Augusta" or "Defendant") and in support alleges:

**NATURE OF ACTION**

1. Plaintiff alleges that Defendant, without her consent, called her cellular telephone with an autodialer more than 49 times—in blatant violation of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 et seq. ("FCCPA").

2. This is an action for injunctive relief and damages in excess of $15,000.00, brought by Ms. Lounsbury, an individual consumer, for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA"). Fundamentally, this case is about Defendant's refusal to respect Ms. Lounsbury's personal and legal rights in its attempts to collect an alleged debt.

3. Harassing telephone calls made with autodialers are the number one consumer complaint in America today, in fact, there were almost four million (4,000,000) complaints reported to the Federal Communications Commission ("FCC") and the Federal Trade Commission

("FTC") in 2016—3,857,627 to be exact.[1] This number is climbing at an alarming rate, up 146% from 2015, where 2,636,477 complaints were filed, and up 197% since 2014, where 1,949,603 complaints were filed.[2] These numbers only include those individuals savvy enough to file a complaint, the actual number of people who have been harassed could be significantly greater.

4. Even though the TCPA, and its associated consequences, were established over 26 years ago, telephone harassment continues to escalate. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1256 (11th Cir. 2014).

5. Autodialer calls are an inexpensive and effective way for companies to collect on debts. The FTC staff comments on the subject reported: "Experience has shown, however, that the FTC's law enforcement efforts alone cannot stop the growing problem of illegal telemarketing calls because current technology makes it inexpensive and easy for callers to make lots of calls

---

[1] *See National Do Not Call Registry Data Book FY 2016, October 1, 2015 – September 30, 2016*, FEDERAL TRADE COMMISSION (Dec. 2016), https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-2016/dnc_data_book_fy_2016_post.pdf; *Consumer Complaints Data – Unwanted Calls, FCC-Open Data*, FEDERAL COMMUNICATIONS COMMISSION, https://opendata.fcc.gov/Consumer/Consumer-Complaints-Data-Unwanted-Calls/vakf-fz8e.
[2] *National Do Not Call Registry Data Book FY 2015*, FEDERAL TRADE COMMISSION (Nov. 2015), https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-2015/dncdatabookfy2015.pdf; *Consumer Complaints Data – Unwanted Calls, FCC – Open Data*, FEDERAL COMMUNICATIONS COMMISSION, https://opendata.fcc.gov/Consumer/Consumer-Complaints-Data-Unwanted-Calls/vakf-fz8e; *Fact Sheet: Wheeler Proposal To Protect And Empower Consumers Against Unwanted Robocalls, Texts To Wireless Phones*, FEDERAL COMMUNICATIONS COMMISSION, https://apps.fcc.gov/edocs_public/attachmatch/DOC-325872A1.pdf; *National Do Not Call Registry Data Book FY 2014*, FEDERAL TRADE COMISSION (Nov. 2014), https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-2015/dncdatabookfy2015.pdf

and effectively hide from law enforcement.[3]

1. Congress found that "federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *See Mims v. Arrow Fin.* Srvs., LLC, 565 U.S. 368, 371 (2012).

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a), and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 753 (2012) (federal district courts have federal question jurisdiction over TCPA claims).

## THE PARTIES

7. Plaintiff, Ms. Lounsbury, is a natural person, and citizen of the State of Florida, residing in Duval County, Florida

8. Plaintiff is the regular user and carrier of cellular telephone number (904) 631-8870.

9. Plaintiff is the wrong-party recipient of Defendant's calls.

10. Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank*, N.A., 755 F. 3d 1265 (11th Cir. 2014); *Osorio v. State Farm Bank*, F.S.B., 746 F. 3d 1242 (11th Cir. 2014).

11. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

12. At all times material, Defendant was transacting business in the State of Florida.

13. Defendant is a corporate entity responsible for attempting to collect an alleged debt from Plaintiff.

---

[3] Federal Trade Commission Staff's Comments on Public Notice DA 14-1700 Regarding Call Blocking (January 23, 2015) FEDERAL TRADE COMMISSION https://www.ftc.gov/system/files/documents/advocacy_documents/ftc-staff-comment-federal-communications-commission-public-notice-da-14-1700-regarding-issues/150128fcccomment.pdf

14. Defendant is a corporation with principal place of business at 2600 Wrightsoboro Road, Augusta, Georgia 30904.

15. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute Section 559.55(1).

16. Ms. Lounsbury hired Davis Law Firm to represent him to seek relief from the overwhelming volume of debt collection calls he is receiving from Defendant.

## FACTUAL ALLEGATIONS

17. On June 6, 2016, Ms. Lounsbury began receiving multiple collection calls from Defendant.

18. Defendant called Ms. Lounsbury in an attempt to collect an alleged debt, however Ms. Lounsbury has never had any business dealings with Augusta, and did not owe a debt.

19. Defendant has called Ms. Lounsbury's cellular telephone over 49 times. *See* Exhibit "A."

20. Defendant's calls are so frequent that Plaintiff often does not answer incoming calls from anyone.

21. Defendant intentionally harassed and abused Ms. Lounsbury on numerous occasions by calling with such frequency as can reasonably be expected to harass.

22. ***MS. LOUNSBURY REVOKED CONSENT.*** Between June 7, 2016, and October 4, 2017, Ms. Lounsbury's repeatedly requested that Defendant "stop calling" her.

23. Despite these repeated requests to "stop calling," Defendant continued to call Ms. Lounsbury's cell phone.

24. Even after being notified that they were calling the wrong number, and that Ms. Lounsbury did not want to be called, Defendant continued to call Ms. Lounsbury to harass her.

25. *AUGUSTA LACKED CONSENT*. Augusta was calling for a party other than Ms. Lounsbury, and never obtained her consent to call (904) 631-8870.

26. Ms. Lounsbury revoked any consent Augusta may have mistakenly believed they had by telling Defendant to "stop calling" her.

27. *AUGUSTA'S PRACTICES*. Defendant called Ms. Lounsbury using telephone number(s): 706-731-0433; 706-364-9007; 706-731-9006; and 706-731-0533.

28. The telephone number 706-731-0433 is a number that does or did belong to Defendant or its agents.

29. The telephone number 706-364-9007 is a number that does or did belong to Defendant or its agents.

30. The telephone number 706-731-9006 is a number that does or did belong to Defendant or its agents.

31. The telephone number 706-731-0533 is a number that does or did belong to Defendant or its agents.

32. Defendant attempted to collect an alleged debt from Ms. Lounsbury by overwhelming her with telephone calls.

33. The calls Defendant made to phone number (904) 631-8870 were made willfully and/or knowingly.

34. The calls made by Augusta to telephone number (904) 631-8870 used an automatic telephone dialing system ("ATDS") which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C. § 227(b)(1)(A).

35. The calls made by Augusta to Ms. Lounsbury's cellular telephone used ATDS

36. The calls made by Augusta to telephone number (904) 631-8870 were made using an artificial or prerecorded voice.

37. Ms. Lounsbury recognized Augusta's use of an artificial or prerecorded voice from the pause or click Ms. Lounsbury heard when answering her cellular telephone.

38. None of the Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

39. Augusta made at least one call to (904) 631-8870.

40. Augusta made at least one call to (904) 631-8870 using an ATDS.

41. Augusta made at least ten (10) calls to (904) 631-8870.

42. Augusta made at least ten (10) calls to (904) 631-8870 using an ATDS.

43. Augusta made at least forty-nine (49) calls to (904) 631-8870.

44. Augusta made at least forty-nine (49) calls to (904) 631-8870 using an ATDS.

45. Each call Augusta made to Ms. Lounsbury's cellular telephone was done so without her "express permission."

46. Ms. Lounsbury's demands that Augusta end to the harassment were ignored.

47. Augusta has recorded at least one conversation with the Plaintiff.

48. Augusta has recorded numerous conversations with the Plaintiff.

49. By continuing these illegal telephone calls, Defendant has harassed Ms. Lounsbury and invaded her privacy—the very harm that Congress sought to prevent.

50. Defendant's infuriating and frustrating telephone calls trespassed upon and interfered with Plaintiff's rights and interests in her cellular telephone and cellular telephone line.

51. Ms. Lounsbury experienced harm and damage by Augusta's telephone calls because they wasted her time, drained her cellular telephone's battery, and used minutes that were

allocated by her cellular telephone service provider. "[W]ireless customers [like Ms. Lounsbury] are charged for incoming calls whether they pay in advance or after the minutes are used."  In re: Rules Implementing the TCPA of 1991, 23 FCC Rcd 559, 562 (2007).

52. Defendant's corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

53. Defendant has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

54. In the last 3 years, the Defendant had 8 complaints reported to the Better Business Bureau (BBB), of which 5 are classified as being related to "Billings/Collection Issues." [4]

55. All conditions precedent to this action have been performed or waived.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

56. Plaintiff incorporates by reference paragraphs 1 through 54 of this Complaint.

57. Augusta is in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

58. Augusta willfully violated the TCPA each time they called Ms. Lounsbury's cellular telephone with an ATDS or artificial or pre-recorded voice after he revoked consent to be called.

59. Augusta negligently, willfully, or knowingly placed non-emergency telephone calls to Ms. Lounsbury's cell phone.

60. Augusta called Ms. Lounsbury using an automatic telephone dialing system and/or used a pre-recorded or artificial voice.

---

[4] *Augusta, Reviews & Complaints*, BETTER BUSINESS BUREAU, https://www.bbb.org/central-georgia/business-reviews/collection-agencies/augusta-collection-agency-in-augusta-ga-8334/reviews-and-complaints?section=complaints

61. Ms. Lounsbury recognized Augusta's use of an automatic telephone dialing system and/or use of a pre-recorded or artificial voice as indicated by the pause or clicking sound she heard when he answered his cell phone.

62. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages and, under §227(b)(3)(B), is entitled to, inter alia, a minimum of $500.00 in damages for each violation of the TCPA.

63. Since the calls were made willingly and knowingly, Plaintiff is entitled to punitive damages of $1,500.00 for each violation of the TCPA.

64. Plaintiff is also entitled to, and does seek, injunctive relief prohibiting Augusta from violating the TCPA in the future.

65. WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in favor of Plaintiff and against Defendant for:

    a. Statutory Damages; and

    b. Punitive Damages; and

    c. Actual damages; and

    d. Any further relief that this Arbitrator deems equitable, just, or proper.

### COUNT II – VIOLATIONS OF
### FLORIDA CONSUMER COLLECTION PRACTICES ACT

66. Ms. Lounsbury incorporates by reference paragraphs 1 through 54 of this Complaint.

67. At all times material, Augusta is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

68. Defendant has violated Florida Statute § 559.72.

69. Defendant continued to call Ms. Lounsbury despite actual knowledge that Ms.

Lounsbury, was the wrong-party and had asked Augusta to "stop calling" her.

70. Defendant has violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass Ms. Lounsbury.

71. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

72. WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in favor of Plaintiff and against Defendant for:

    a. Statutory Damages;

    b. Punitive Damages;

    c. Actual Damages;

    d. Attorney's fees, litigation expenses, and costs of suit;

    e. An injunction permanently enjoining the Defendant from engaging in the violative practices; and

    f. Any further relief that this Court deems equitable, just, or proper.

Respectfully Submitted,

**WORLD BLOCK LEGAL, P.A.**

*/s/ S. Hodder*

SASHA A. HODDER, ESQ.
SASHA@WORLDBLOCKLEGAL.IO
FL BAR NO. 1004384
400 N. Tampa Street, Suite 2850
Tampa, Florida 33602
Office: 813-452-2000
Mobile: 904-304-4453
Fax: 813-435-2181